for respondents. No opinion. Judgment affirmed, with costs. 113 App. Div. 310, 98 N. Y. Supp. 1002. Order filed.

In re GUGGENHEIMER'S ESTATE. (Supreme Court, Appellate Division, First Department. December 7, 1906.) In the matter of Meyer Guggenheimer, deceased. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

GUMBES et al., Respondents, v. HICKS et al., Appellants. (Supreme Court, Appellate Division, Third Department. December 7, 1906.) Action by Francis M. Gumbes and another against Charles M. Hicks and another. No opinion. Motion for leave to go to Court of Appeals granted, and question certified as follows: Were the papers upon which the warrant of attachment was granted sufficient to authorize the county judge to grant said attachment?

GUTLIN, Respondent, v. GUTLIN, Appellant. (Supreme Court, Appellate Division, Second Department. November 16, 1906.) Action by Eliza Gutlin against Herman Gutlin. No opinion. Motion to dismiss appeal granted.

GWYNNE et al., Respondents, v. LEOPOLD et al., Appellants. (Supreme Court, Appellate Division, First Department. December 7, 1906.) Action by Helen S. Gwynne and another against James M. Leopold and another. E. E. Wise, for appellants. C. R. Waterbury, for respondents. No opinion. Judgment affirmed with costs, with leave to defendants to withdraw demurrer, and to answer on payment of costs in this court and in the court below. Order filed.

GWYNNE et al. v. LEOPOLD et al. (Supreme Court, Appellate Division, First Department. December 28, 1906.) Action by Helen S. Gwynne and others against James W. Leopold and others. No opinion. Application granted. Order filed.

HABIRSHAW v. ISLER et al. (three cases). (Supreme Court, Appellate Division, First Department. December 28, 1906.) Actions by Josephine A. Habirshaw against Thusnelda Isler and others. No opinion. Motions denied on condition that appellant serve and file its papers on appeal in time for the first Friday in February, 1907, in default of which the motion to dismiss appeal is granted, with $10 costs. Order filed.

HACKER, Respondent, v. O'ROURKE ENGINEERING CON. CO., Appellant. (Supreme Court, Appellate Division, First Department, October 19, 1906.) Action by Hedwig Hacker, as administratrix, against the O'Rourke Engineering Con. Company. T. H. Lord, for appellant. C. Steckler, for respondent. PER CURIAM. Judgment and order reversed, and new trial ordered, costs to appellant to abide event, unless plaintiff stipulates

to reduce verdict to $5,000; in which event judgment as so reduced and order affirmed, without costs. Settle order on notice.

HOUGHTON, J., dissents.

HAIRE, Appellant, v. HUGHES, Respondent. (Supreme Court, Appellate Division, First Department. October 19, 1906.) Action by Robert J. Haire against Joseph J. Hughes, impleaded. P. Carpenter, for appellant. C. L. Brooke, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

HALL v. KARP. (Supreme Court, Appellate Division, First Department. November 5, 1906.) Action by Henry B. Hall against Ida Karp. No opinion. Motion denied, upon conditions stated in order. Order filed.

In re HALLENBECK. (Supreme Court, Appellate Division, Third Department. November 20, 1906.) In the matter of the judicial settlement of the accounts of Charles W. Hallenbeck, as administrator de bonis non of Peter A. Hallenbeck, deceased. No opinion. Motion granted, with costs, unless the appellant serves the printed case on or before December 20th, and pays $10 costs; in which case motion denied, without costs.

HALLIDAY, Respondent, v. NEW YORK & Q. C. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 28, 1906.) Appeal from Special Term, Queens County. Action by George Halliday against the New York & Queens County Railway Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed. Van Vechten Veeder and Nathaniel S. Corwin, for appellant. George F. Hickey and M. P. O'Connor, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

RICH, J. I dissent. The appeal is from a judgment in favor of plaintiff in an action brought to recover damages for personal injuries sustained by plaintiff by reason of a collision between one of defendant's cars and a van upon which plaintiff was riding. The plaintiff was the only witness called who gave any evidence as to how the accident occurred. He testified that on the night of the accident, at about half-past 11 o'clock, he with two companions, after waiting some time for a Vernon avenue car, accepted the invitation of the driver of a van to ride down the street with him. It was a misty, rainy night. After plaintiff and his companions had boarded the van, plaintiff taking a seat on a bag, with his back against the tailboard, facing the driver, it proceeded down the track upon which the car with which it collided was approaching for 10 of 15 minutes. Plaintiff knew that the cars were running upon this track on 20 minutes headway, and he must have known that it was about time for a car to overtake the van, if he did not know that he was actually upon the time of that car. He also knew that there was